IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| WAYNE CHRISTOPHER LARSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-674-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| LOOMIS, FARGO & CO., a Foreign | ) | |
| Business Corporation, DUSTIN ZEP LINN, | ) | |
| and LOOMIS, FARGO & CO., a Foreign | ) | |
| Business Corporation, aka LOOMIS | ) | |
| FARGO ARMORED INC. and LOOMIS | ) | |
| FARGO ARMORED VEHICLES, | ) | |
| | ) | |
| Defendants. | ) | |

Neil F. Lathen
Swanson, Lathen, Alexander & McCann
388 State Street Suite 1000
Salem, Oregon 97301

    Attorney for Plaintiff

Page 1 - OPINION AND ORDER

>Karen O'Kasey
>Richard J. Kuhn
>Hoffman, Hart & Wagner, LLP
>Twentieth Floor
>1000 S. W. Broadway
>Portland, Oregon  97205

>Attorneys for Defendants

KING, Judge:

Plaintiff Wayne Christopher Larson brought a personal injury action against defendants Loomis Fargo & Co. and Dustin Zep Linn (collectively "Loomis").  Defendants removed the matter from state court on May 12, 2005.  Before the Court is Plaintiff's Motion to Remand (#6) and Defendants' Motions to Dismiss (#3).  For the reasons below, I remand the matter back to state court.  All pending Motions to Dismiss are moot.

## FACTS

Larson filed a complaint in Multnomah County Circuit Court on April 8, 2005.  The matter arose out of a collision between Larson, who was on a motorcycle, and defendant Linn, who was driving an armored truck belonging to his employer, Loomis Fargo & Co.  The complaint alleged two causes of action: one cause of action based on negligent acts by defendant and one based on reckless acts by defendant.  On May 12, 2005, Loomis filed a notice of removal based on 28 U.S.C. § 1441(b) because it claims this is a civil action between citizens of different states and the matter in controversy exceeds $75,000.  Larson filed a motion to remand to state court because defendant Linn is a resident of Oregon, therefore there is not complete diversity.

## LEGAL STANDARDS

A civil action brought in state court may be removed by the defendant to the federal district court if the district court has original jurisdiction over the action, that is, if the action could have been brought first in the district court. 28 U.S.C. § 1441(a). The party seeking removal has the burden of establishing federal jurisdiction. Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C., 992 F.2d 932, 934 (9th Cir. 1993). Courts strictly construe the removal statute against removal jurisdiction. Any doubt as to the right of removal is resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## DISCUSSION

Larson argues there is not diversity jurisdiction because resident defendant Linn is a proper party who destroys diversity jurisdiction. Loomis argues Linn was fraudulently joined, meaning he was only joined to defeat diversity jurisdiction. For removal to be valid based on diversity jurisdiction there must be complete diversity of citizenship. 28 U.S.C. § 1332(a). The joinder of a resident defendant is fraudulent if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state. McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). The burden is on the party asserting federal jurisdiction to establish the fraudulent nature of the joinder of the non-diverse party. Kohler v. Inter-Tel Technologies, 244 F.3d 1167, 1170 n. 3 (9th Cir. 2001).

When an action is filed against an employee acting in the course and scope of employment, the plaintiff may choose whether to name solely the employer as a defendant or whether to name both the employee and employer as defendants. An employee, although acting within the course and scope of employment, can be held personally liable for negligent or

reckless actions performed. Marchant v. Clark, 225 Or. 273, 357 P.2d 541 (1960). Although an employee is not a necessary party in a claim of vicarious liability, the employee may be named. Lewis v. Oregon Beauty Supply Co., 77 Or. App. 663, 714 P.2d 618 (1986). Larson chose to name defendant Linn in this action. Since there is a valid claim against Linn, and he is a resident defendant, his presence destroys diversity.

## CONCLUSION

Plaintiff's Motion to Remand (#6) is granted. All pending Motions to Dismiss (#3) are moot.

IT IS SO ORDERED.

Dated this  1st  day of August, 2005.

                                     /s/ Garr M. King
                                     Garr M. King
                                     United States District Judge